WALDEN, Judge.
This is a petition for a writ of certiorari. It is addressed to a trial court order which denied petitioner’s motion to disqualify respondent’s attorneys.
Earlier there had been a similar dispute in litigation between the parties in Hillsbor-ough County. There the denial of the motion to disqualify attorneys was presented to the Second District Court of- Appeal. That court simply denied the petition for writ of certiorari without written opinion.
In the instant case the trial court erred when it denied the motion to disqualify, not on the merits, but rather upon the mistaken assumption that it had no alternative but to follow the earlier decision of the Second District Court of Appeal denying certiorari without written opinion. We grant certiorari, quash the order in question, and remand for consideration of the motion to disqualify upon the merits. We do this upon authority of Don Mott Agency, Inc. v. Harrison, 362 So.2d 56 (Fla. 2d DCA 1978), and Bing v. A.G. Edwards & Sons, Inc., 498 So.2d 1279 (Fla. 4th DCA 1987), which cases basically hold that a denial of certiorari without written opinion is without precedential value and such cannot be construed as passing upon the issues or merits of the dispute.
We note that the gravaman of the motion to disqualify was that respondent’s attorneys had earlier represented petitioner in matters similar to the instant litigation. This representation, according to petitioners, allowed respondent’s current attorneys to acquire vast amounts of confidential information related to the issues and that this circumstance would be extremely prejudicial to petitioner. These allegations if substantiated would amount to a crucial conflict of interest which should not be tolerated. Accordingly, it is our opinion that the ruling in question represented a departure from the essential requirements of law with prejudice to petitioner that cannot be remedied upon plenary appeal.
Certiorari is granted; the order in question is quashed, and the matter is remanded for a hearing upon the merits as concerns petitioner’s motion to disqualify.
IT IS SO ORDERED.
DOWNEY and ANSTEAD, JJ., concur.