589 So.2d 1366 (1991)
Michelle L. HICKSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 91-2800.
District Court of Appeal of Florida, First District.
November 13, 1991.
Rehearing Denied January 8, 1992.
*1367 Thomas G. Fallis of Elia & Fallis, P.A., Jacksonville, for petitioner.
Robert A. Butterworth, Atty. Gen. and Charles T. Faircloth, Jr., Asst. Atty. Gen., Tallahassee, for respondent.
WENTWORTH, Senior Judge.
Petitioner Hickson, a defendant charged with murder in the second degree, challenges a pre-trial order granting the State's motion for psychiatric evaluation by "its examining psychiatrist." We conclude that the petition has merit in the circumstances presented here, and involves an issue of first impression in this jurisdiction. Because the order granting discovery may cause material injury through subsequent proceedings for which review on plenary appeal would be inadequate, we grant certiorari and quash the order, certifying the constitutional issue framed below pursuant to Fla.App.R. 9.030(a)(2)(A)(v), and Sec. 3(b)(4), Art. V, Fla. Const.
The State's motion to compel psychiatric examination of defendant was filed in August 1991, a month preceding her scheduled trial date, after notice in March that defendant would offer testimony of an examining psychologist in support of her defense of self defense involving battered spouse syndrome. Her psychologist, Dr. Krop, had been deposed by the prosecution in April, testifying fully as to defendant's statements to him.
The order compelling defendant's attendance and participation in the examination and denying her asserted privilege against self incrimination under Florida and federal constitutions, Amendment V, is based squarely on the view that defendant's privilege would be waived by her psychologist's testimony as to "her statements about the circumstances giving rise to the alleged battered-spouse syndrome, thus waiving her Fifth Amendment privilege." (e.s.) The court relied on recent decisions in other states essentially equating such syndrome testimony with an insanity defense and holding that "the management of the constitutional implications of defendant's statements to the examining experts should be essentially the same." State v. Myers, 239 N.J. Super. 158, 570 A.2d 1260 at 1266 (1990); State v. Briand, 130 N.H. 650, 547 A.2d 235 (1988); and State v. Nizam, 7 Haw. App. 402, 771 P.2d 899 (1989). The courts recognize that the syndrome in question does not involve insanity, mental disability, or diminished capacity, and that it bears instead on the self-defense issue of the reasonability of defendant's belief of imminent danger of serious injury. Accord Hawthorne v. State (Fla. 1st DCA 1982), 408 So.2d 801, 806:
In this case, a defective mental state on the part of the accused is not offered as a defense as such. Rather, the specific defense is self-defense which requires a showing that the accused reasonably believed it was necessary to use deadly force to prevent imminent death or great bodily harm ... The expert testimony would have been offered to aid the jury in interpreting the surrounding circumstances as they affected the reasonableness of her belief... . Appellant did not seek to show through the expert testimony that the mental and physical mistreatment of her affected her mental state so that she could not be responsible for her actions; rather, the testimony would be *1368 offered to show that because she suffered from the syndrome, it was reasonable for her ... at the pertinent time, to have believed that her life and the lives of her children were in imminent danger.
Due to the clear distinctions between an insanity defense and the self defense issue in the present case, we are unable to agree with the trial judge's reliance on Henry v. State, 574 So.2d 66 (Fla. 1991), as "constitutionally similar." In Henry a divided court did conclude that the insanity defense was properly struck when defendant refused compliance with a pre-trial order for examination by the prosecution's designated expert.[1] The opinion states:
It is undisputed that parties in a civil case can require another party to submit to a medical or psychiatric examination, so long as the examination is pertinent to an issue in the suit. See Fla.R.Civ.P. 1.360. We see no reason why, as a party, the state should not have the same right... . If a defendant seeks to pursue an insanity defense, the state should have an equal opportunity to obtain evidence relevant to that issue. The fact that the court-appointed doctors would testify that Henry was sane at the time of the offense did not necessarily make examination by the state's expert unnecessary. The defense's expert or experts may have much more impressive credentials than the court-appointed expert, or may have done additional examinations that the state was entitled to have done by its expert, as well. Under the circumstances of this case, we conclude that the trial judge did not abuse his discretion in striking the defense of insanity upon Henry's failure to cooperate with the psychiatrist.
We would distinguish Henry from the present case, both factually and constitutionally, because the battered spouse syndrome in relation to self defense does not place in issue a defective mental state on the part of the accused. Hawthorne, supra. Nor does the defense necessarily rest on any subjective mental state disclosures by defendant.[2] A psychological witness's *1369 effort should properly be to illuminate the general syndrome or pattern of typical reactions as that pattern may relate to circumstances in evidence, and not, as referenced in Myers, supra, to provide "insight into the operations of defendant's mind, which defendant seeks to illuminate and explain through the testimony of experts who have had the opportunity to examine her." 570 A.2d at 1266.
Disclosure by defendant of an examining expert witness in support of the defense should not, accordingly, constitute a per se waiver of constitutional testimonial immunity under the federal or Florida constitutions. And neither the motion nor order before us states facts sufficient to show that defendant's intended use of Dr. Krop's testimony can be characterized like that in Briand, supra, as a mere subterfuge, i.e., a defendant may not "voluntarily employ a psychological witness wholly to negate the waiver that his direct introduction of personal testimony would otherwise effect." 547 A.2d at 239. Accord Isley v. Dugger, 877 F.2d 47 (11th Cir.1989).[3]
The parties agree that some months before its motion the State had already deposed defendant's expert witness Dr. Krop, eliciting statements of defendant as well as test results that led to his findings. Appellant asserts she has already given the police an account of her stabbing of her husband while being beaten by him, following a history of abuse. Although the argument is not in any event dispositive of the constitutional issue, appellant contends that the prosecution's expert would not be disadvantaged by denial of the motion even if the defense expert uses information provided by defendant, because in this case such information is available from other sources. Therefore, a denial of the motion to compel would not preclude or prejudice the prosecution's use of its psychiatric testimony as to viability of appellant's asserted defense based on her disclosed statements to Dr. Krop.
Where there was no fifth amendment issue, the opinion in State v. Rhone, 566 So.2d 1367 (Fla. 4th DCA 1990), stated the applicable standard for psychiatric interview of a victim (by defense instead of prosecution), and the court indicated the movant "must demonstrate extreme and compelling circumstances" which implicate due process if the examination is not allowed. In contrast, Henry, supra, in deciding the issue in a murder prosecution, references the civil "good cause" standard under Fla.R.Civ.P. 1.360 for requiring psychiatric examination of another party relative to a "condition in controversy." The opinion, however, as noted above, expressly confines and conditions its ruling on a plea of insanity:

If a defendant seeks to pursue an insanity defense, the state should have an equal opportunity to obtain evidence relevant to that issue... . The defense's expert or experts may have much more impressive credentials than the court-appointed expert, or may have done additional examinations that the state was entitled to have done by its expert, as well. (e.s.)
574 So.2d at 70.
Because the same "condition," legally and factually, is not here in controversy, and because we have an abiding concern with the proliferation of expert witness usage in criminal prosecutions, we decline to extend the Henry rationale beyond its stated terms. We conclude, however, that the question is one of great public importance and so certify to the Supreme Court of Florida pursuant to Fla.App. Rule 9.030(a)(2)(A)(v), and Sec. 3(b)(4), Art. V., Fla. Const., as follows:
Is the defendant's constitutional privilege against testimonial examination waived when a defense psychologist testifies "about the circumstances giving rise to the alleged battered-spouse syndrome" based in part on defendant's statements to such witness which have *1370 been fully disclosed to the prosecution before trial.
We conclude that the court in this case improperly compelled a psychiatric interview by the State's expert in the circumstances presented. The writ of certiorari is accordingly issued, the order is reversed, and the cause remanded for further consistent proceedings.
SMITH and MINER, JJ., concur.
NOTES
[1] However, Henry was allowed to use his own experts to demonstrate lack of capacity for premeditation, indicating a distinction in this respect between an insanity plea and other defenses. Henry's objection was solely to the prosecution's expert examination, conceding authority for a third court appointed examining doctor.
[2] Appellant's argument elaborates in part as follows:

First, unlike a claim of self-defense, a defense based solely on insanity admits all the elements of the crime charged. Having admitted all the elements, there is no danger that the defendant's statements in a pretrial evaluation will help the prosecution prove the offense charged.
Second, the insanity defense and other similar defenses (e.g. diminished capacity) concern only the defendant's mental state, not the reasonableness of her actions.
In contrast, self-defense based on the battered woman syndrome does not admit every element of the crime, there are no procedural safeguards available and the defendant's subjective mental state is not the focus of the defense.
The defendant denies that she acted with premeditation or depraved heart... . She contends that because of the battered woman syndrome she was .. . reasonably provoked to act, and in either case, did not act with the mens rea charged.
* * * * * *
Unlike insanity cases where experts testify predominantly about the peculiar characteristics of an individual, an expert on the battered woman syndrome ... testifies mainly about "why a person suffering from battered woman's syndrome would not leave her mate, would not inform police or friends, and would fear increased aggression against herself .. ." Hawthorne v. State, 408 So.2d 801, 805 (Fla. Dist. Ct. App. 1982) ...
* * * * * *
A more fundamental flaw in the State's contention is that the defense does not rebut an element of the crime. In most cases, self-defense rebuts an element of second degree murder, depraved heart. See Martin v. Ohio, [480 U.S. 228] 107 S.Ct. 1098, 1102 [94 L.Ed.2d 267] (1987).
* * * * * *
In the case at bar, no jury instruction will operate to make the expert's testimony [applicable to] an issue other than guilt. Telling the jury that the expert's opinion is only admissible on the issue of self-defense goes directly to guilt or innocence. This permits the jury to use the expert's opinion as well as the facts elicited from the defendant which support that opinion in deciding whether the prosecution has met its burden. Estelle [v. Smith] recognized that the privilege prohibits such use of either the expert's opinion or the underlying facts.... 451 U.S. 454 at 464-5 [101 S.Ct. 1866, 1873-74, 68 L.Ed.2d 359 (1981)] (footnote omitted).
[3] We need not, of course, determine in this proceeding whether or under what different circumstances a waiver of a defendant's constitutional rights might occur.