PEOPLE v WILSON

Docket No. 140339. Submitted January 14, 1992, at Grand Rapids.
    Decided July 6, 1992, at 9:35 A.M.

Geraldine M. Wilson was charged in the Isabella Circuit Court
    with open murder and possession of a firearm during the
    commission of a felony, following the shooting death of her
    husband. She claimed that she acted in self-defense and moved
    to admit expert evidence regarding battered spouse syndrome.
    The court, Paul F. O'Connell, J., entered an interlocutory
    opinion and order that allowed expert testimony regarding a
    general description of the syndrome, whether the particular
    behavior of the defendant was characteristic of its victims
    generally, whether the defendant suffers from the syndrome,
    and whether the defendant's act was the result of battered
    spouse syndrome. The expert was not allowed to offer testimony
    that battering actually occurred. The people appealed by leave
    granted.

    The Court of Appeals *held:*

    The court properly found evidence regarding battered spouse
    syndrome to be relevant and helpful to the jury. However, the
    parameters outlined by the court were too broad. A qualified
    expert may render an opinion regarding only the syndrome and
    the symptoms manifested by victims, not whether a particular
    defendant suffers from the syndrome or acted pursuant to its
    influence. The portion of the order permitting the introduction
    of expert testimony regarding a general description of battered
    spouse syndrome and that certain behavior of the defendant
    already in evidence is characteristic of battered spouse victims
    generally was proper. The portion of the order permitting
    testimony regarding whether the defendant suffers from the
    syndrome and whether her act was the result of the syndrome
    was not. The court additionally properly held that an expert
    may not testify that battering actually occurred.

    Affirmed in part, reversed in part, and remanded.

REFERENCES

Am Jur 2d, Expert and Opinion Evidence § 195.

Admissibility of Expert or opinion testimony on battered wife or
    battered woman syndrome. 18 ALR4th 1153.

HOMICIDE — SELF-DEFENSE — BATTERED SPOUSE SYNDROME — WIT-
NESSES — EXPERTS.

> In a homicide trial where a claim of self-defense is raised, a
> witness qualified as an expert regarding battered spouse syn-
> drome may testify regarding a description of the syndrome, the
> symptoms manifested by victims, and that certain behavior of
> the defendant, evidence of which has already been admitted, is
> characteristic of battered spouse victims generally; the expert
> may not testify with regard to whether the defendant suffers
> from the syndrome, whether the defendant's act was the result
> of its influence, or that battering actually occurred.

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, *Larry J. Burdick,* Prose-
cuting Attorney, and *Mark H. Duthie,* Chief Assis-
tant Prosecuting Attorney, for the people.

*Daniel R. O'Neil,* for the defendant.

Amicus Curiae:

Criminal Defense Attorneys of Michigan (by
*Gail Rodwan* and *Jeanice Dagher-Margosian).*

Before: BRENNAN, P.J., and HOLBROOK, JR., and
McDONALD, JJ.

McDONALD, J. The people appeal by leave
granted from an April 29, 1991, interlocutory or-
der granting defendant's motion in limine regard-
ing the admissibility of expert opinion testimony
regarding the "battered spouse syndrome" (BSS).
We affirm in part, reverse in part, and remand for
further proceedings consistent with this opinion.

The issue before this Court is one of first impres-
sion and involves the admissibility of expert testi-
mony regarding the BSS in situations where a self-
defense claim is raised in a homicide trial. Defen-
dant is charged with open murder, MCL 750.316;
MSA 28.548, and possession of a firearm during
the commission of a felony, MCL 750.227b; MSA

28.424(2), arising out of the shooting death of her husband. Defendant admits shooting the victim while he slept, but claims she acted in self-defense following forty-eight hours of abuse and death threats and years of battery.

Defendant asserts expert testimony regarding the BSS is essential to her defense, and thus she filed a motion before trial to obtain an advance ruling regarding its admissibility. The people challenged the motion, denying the relevancy of the proposed testimony absent an offer of proof by defendant demonstrating that she was battered during her relationship with her husband and arguing defendant should be required to disclose the identity of the proposed witness. The people further suggested that the testimony, if found admissible, should be limited to a description by the expert of general behavioral patterns attributable to an individual suffering from the syndrome, and should not include expert testimony regarding the ultimate fact whether defendant suffers from the syndrome or whether the shooting resulted therefrom. The trial court entered an opinion and order finding expert testimony regarding the BSS admissible under the following parameters:

> [A]n expert qualified in the battered spouse syndrome may testify: (1) to a description of the general syndrome; (2) that the particular behavior of the spouse was characteristic of battered spouse syndrome victims generally; (3) whether the defendant suffers from the syndrome; (4) whether the defendant's act was the result of the syndrome. The expert may not testify that the allegations of battering are in fact truthful or not. Issues of credibility are for the jury.

We agree with the people and find the trial court's holding allowing expert testimony that defendant

suffers from this syndrome and that defendant's specific acts are attributable to this syndrome too broad and thus improper.

The decision to admit or deny expert testimony falls within the sound discretion of the trial court and will not be reversed absent a clear abuse of that discretion. *People v Beckley,* 434 Mich 691; 456 NW2d 391 (1990). Expert testimony may be received when it is "necessary" or "helpful" to the trier of fact in deciding an issue that is material.[1] MRE 702; *Beckley, supra.*

Defendant argues expert testimony regarding the BSS will help present her theory of self-defense. In *People v Heflin,* 434 Mich 482; 456 NW2d 10 (1990), our Supreme Court addressed the test for determining whether a person acts in self-defense. In Michigan, a homicide is justified under the theory of self-defense if the defendant "honestly and reasonably believes that his life is in imminent danger or that there is a threat of serious bodily harm." *Heflin* at 502. A defendant who argues self-defense implies his actions were intentional but that the circumstances justified his actions. *Heflin, supra.* Thus, defendant argues the jury should consider the fact she suffered from the BSS in evaluating her self-defense claim because it relates to the question whether she reasonably believed her life was in danger. Defendant also argues the evidence is relevant in rebutting the

---

[1] We do not address the requirement of MRE 702 that the expert testimony constitute evidence of a recognized scientific, technical, or other specialized discipline because the people concede this point by acknowledging the admissibility, in some form, of BSS testimony. Moreover, in *Beckley, supra,* our Supreme Court recognized the existence of the syndrome and held as a general rule that behavioral sciences are not subject to the *Davis-Frye* test, *People v Davis,* 343 Mich 348; 72 NW2d 269 (1955); *Frye v United States,* 54 App DC 46; 293 F 1013 (1923). Likewise, we do not address the sufficiency of defendant's proposed expert's qualifications because the trial has yet to commence and the trial court has therefore not ruled with regard to this question.

prosecution's claim that she could have left her husband. One court has described the syndrome as follows:

> The "battered woman syndrome" generally refers to common characteristics appearing in women who are physically and psychologically abused by their mates. The typical pattern of violence consists of three recurrent phases of abuse: a tension-building stage, characterized by minor abuse; an acute battering stage, characterized by uncontrollable explosions of brutal violence; and a loving respite stage, characterized by calm and loving behavior of the batterer, coupled with pleas for forgiveness. The continued cycle of violence and contrition results in the battered woman living in a state of learned helplessness. Because she is financially dependent on the batterer, she may feel partly responsible for the batterer's violence, she may believe that her children need a father, or fear reprisal if she leaves. The battered woman lives with constant fear, coupled with a perceived inability to escape. Eventually, she comes to believe that her only options are enduring the abuse, striking back, or committing suicide. [*Tourlakis v Morris,* 738 F Supp 1128, 1134 (SD Ohio, 1990), citing *Fennell v Goolsby,* 630 F Supp 451, 456 (ED Pa, 1985).]

We do not believe the average juror is familiar with the complex behavior of a victim of the BSS.[2] Moreover, the majority of jurisdictions favor the admissibility of expert testimony regarding the BSS. See, generally, *anno: Admissibility of expert or opinion testimony on battered wife or battered woman syndrome,* 18 ALR4th 1153 (1982); *Tour-*

---

[2] In *Beckley, supra,* in permitting the introduction of expert testimony regarding the child sexual abuse accommodation syndrome, our Supreme Court recognized society's adverse reaction to the typical behavior of victims of sexual assaults and found testimony by an expert helpful to explain the unfamiliar responses of children subjected to such abuse.

*lakis v Morris, supra.* Testimony regarding the BSS has been used in other jurisdictions to explain how a battered spouse reacts to the batterer, to explain the reasonableness of the battered spouse's perception that danger or great bodily harm is imminent, and also to rebut the prosecution's inference that the defendant could have left rather than kill the spouse. *Tourlakis, supra, State v Hennum,* 441 NW2d 793 (Minn, 1989), and Mather, *The skeleton in the closet: the battered woman syndrome, self-defense and expert testimony,* 39 Mercer L R 545 (1988).

We conclude that in cases such as this one expert testimony regarding the BSS will give the trier of fact a "better understanding of the evidence or assist in determining a fact in issue." *Beckley* at 711.

Having determined the introduction of expert testimony regarding the BSS generally may be relevant and helpful to the jury, we must now address the scope of its admissibility. As previously noted, we find the parameters outlined by the trial court to be too broad. We look to our Supreme Court's decision in *People v Beckley, supra,* for guidance. In *Beckley,* the Court addressed the admissibility of expert testimony regarding the child sexual abuse accommodation syndrome. Given the nature of "syndrome" evidence, we find the reasoning contained in *Beckley* applicable to testimony regarding the BSS.

In *Beckley,* the Court found expert testimony regarding the syndrome useful to the jury because it provided the jury information with which to dispel some of the common misconceptions regarding a child's behavior following abuse. Given this rationale for the introduction of "syndrome" testimony, the Court limited the testimony to background information or discussion of the traits or symptoms experienced by victims of the syndrome.

Because an expert regarding the child sexual abuse accommodation syndrome is an expert with regard to the syndrome and not the victim, it is inappropriate for that expert to render an opinion regarding whether the victim actually suffers from the syndrome. However, the Court in *Beckley* held the expert could render an opinion that the victim's behavior is common to the class of child abuse victims as long as the symptoms are already established in evidence. The expert may not introduce new facts about the victim unless those facts are properly admitted under a rule other than MRE 702. *Beckley* at 726-727, 729.

We believe the same limitations should apply to experts who testify about the BSS. As with the child abuse syndrome, the BSS expert is an expert with regard to the syndrome and not the particular defendant. Thus, the expert is qualified only to render an opinion regarding the "syndrome" and the symptoms that manifest it, not whether the individual defendant suffers from the syndrome or acted pursuant to it.

We therefore affirm that portion of the trial court's interlocutory order permitting the introduction of expert testimony regarding a description of the general syndrome and that certain behavior of the defendant already in evidence is characteristic of battered spouse victims generally, but reverse that portion of the order permitting testimony regarding whether the defendant suffers from the syndrome and whether the defendant's act was the result of the syndrome. Further, as ordered by the trial court and consistent with *Beckley,* the expert may not testify that the allegations of battery are in fact truthful, this being an issue of credibility for the jury.

Affirmed in part, reversed in part, and remanded for further proceedings. We do not retain jurisdiction.