610 So.2d 33 (1992)
STATE of Florida, Petitioner,
v.
Eldon DAVIS, Respondent.
No. 92-1562.
District Court of Appeal of Florida, Fourth District.
December 2, 1992.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melynda L. Melear, Asst. Atty. Gen., West Palm Beach, for petitioner.
Alan H. Schreiber, Public Defender, and Reuben Camper Cahn, Asst. Public Defender, Fort Lauderdale, for respondent.
PER CURIAM.
We grant the state's petition for writ of certiorari and quash the trial court order in this matter. The order prohibits the state from presenting expert rebuttal testimony as to the voluntariness of a confession because the defendant was compelled to submit *34 to a psychiatric examination conducted by the state's expert without the presence of his counsel. We find the pretrial ruling in this criminal matter violates a clearly established principle of law resulting in a miscarriage of justice. State v. Pettis, 520 So.2d 250 (Fla. 1988).
The defendant, Eldon Davis, is charged with first degree murder. Davis moved to suppress his confession on the grounds that he suffers from "battered child" and "post-traumatic stress" syndromes and that coercive police interrogation acting upon his unique psychological vulnerability produced an involuntary confession. In support of his motion, he presented the results of an examination performed by his own expert, a psychologist who determined that he suffered from "battered child" syndrome.
The state moved to have Davis examined by its own expert. The trial court ordered that the examination take place without Davis' counsel present after finding that the compelled psychological examination did not violate Davis' sixth amendment rights. Davis sought certiorari review of that order which this court denied without opinion.[1] Davis subsequently presented himself for the examination.
Davis then moved to exclude the expert's testimony at the suppression hearing. The trial court reconsidered its earlier ruling and excluded the evidence finding that the compelled examination abridged Davis' privilege against self-incrimination, and his right to counsel. The trial court determined that the defendant had not waived his fifth and sixth amendment rights by presenting psychological testimony regarding the "battered child" syndrome.
We find no fifth or sixth amendment violation in this case. The Florida Supreme Court has held that where a defendant in a criminal case relies upon an insanity defense, the defendant's rights to freedom from self-incrimination are not invaded when the court requires the defendant to submit to a psychiatric examination by court-appointed psychiatrists. Henry v. State, 574 So.2d 66 (Fla. 1991); Parkin v. State, 238 So.2d 817, 822 (Fla. 1970), cert. denied, 401 U.S. 974, 91 S.Ct. 1189, 28 L.Ed.2d 322 (1971). In Henry, the court concluded that an insanity defense was properly struck when defendant refused compliance with a pretrial order for examination by the state's expert:
It is undisputed that parties in a civil case can require another party to submit to a medical or psychiatric examination, so long as the examination is pertinent to an issue in the suit. See Fla.R.Civ.P. 1360. We see no reason why, as a party, the state should not have the same right. The prosecution bears the burden of proving sanity beyond a reasonable doubt. If a defendant seeks to pursue an insanity defense, the state should have an equal opportunity to obtain evidence relevant to that issue. The fact that the court-appointed doctors would testify that Henry was sane at the time of the offense did not necessarily make examination by the state's expert unnecessary. The defense's expert or experts may have much more impressive credentials than the court-appointed expert, or may have done additional examinations that the state was entitled to have done by its expert, as well. Under the circumstances of this case, we conclude that the trial judge did not abuse his discretion in striking the defense of insanity upon Henry's failure to cooperate with the psychiatrist.
Id. at 70.
We liken the claim raised by the defendant in this case to an insanity defense, and therefore, hold that the reasoning in Henry and Parkin is equally applicable to these circumstances. We find Hickson v. State, 589 So.2d 1366 (Fla. 1st DCA 1991), to be inapposite because the defendant in this case has placed his mental state at issue, and in doing so he has waived his fifth amendment privilege against self-incrimination.
*35 The compelled examination without the presence of counsel did not violate Davis' sixth amendment rights. In asserting his "mental status" defense, Davis should have anticipated the state's use of rebuttal evidence. Davis had ample opportunity to consult with counsel about the advisability of raising the "battered child" syndrome, as well as the full scope and nature of the examination by the state's expert. See Buchanan v. Kentucky, 483 U.S. 402, 107 S.Ct. 2906, 97 L.Ed.2d 336 (1987), Estelle v. Smith, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981).
We find that the trial court's original order compelling the psychiatric examination contained sufficient procedural safeguards to protect the defendant's rights. Parkin v. State, 238 So.2d 817 (Fla. 1970), cert. denied, 401 U.S. 974, 91 S.Ct. 1189, 28 L.Ed.2d 322 (1971); Erickson v. State, 565 So.2d 328 (Fla. 4th DCA 1990), rev. denied, 576 So.2d 286 (Fla. 1991).
CERTIORARI GRANTED; ORDER QUASHED.
DOWNEY, POLEN, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.
NOTES
[1] A denial of certiorari without a written opinion cannot be construed as passing on the merits of the dispute. Florida Insurance Guar. Ass'n, Inc. v. Celotex Corp., 547 So.2d 696 (Fla. 4th DCA 1989).