616 So.2d 1098 (1993)
Mary Joyce ROGERS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-854.
District Court of Appeal of Florida, First District.
April 8, 1993.
Rehearing Denied May 4, 1993.
Gwendolyn Spivey, Sp. Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee.
ALLEN, Judge.
This is an appeal from a conviction and sentence for first-degree murder. The appellant was charged in the shooting death of her boyfriend. At trial, she claimed self-defense and sought to introduce the expert testimony of Dr. Harry Krop on the battered woman's syndrome and its applicability to her case. Concluding that the trial court erred in excluding this testimony, we reverse the appellant's conviction and remand for a new trial. Because the battered woman's syndrome is now generally accepted in the relevant scientific community, we hold that expert testimony relating to the syndrome is henceforth admissible, subject to the requirements of section 90.702, Florida Statutes, without any necessity for a case-by-case determination that the scientific knowledge regarding the syndrome is sufficiently developed to permit a reasonable opinion to be given by an expert.
The "battered woman's syndrome" has been defined as "a series of common characteristics that appear in women who are abused physically and psychologically over an extended period of time by the dominant male figure in their lives." State v. Kelly, 97 N.J. 178, 478 A.2d 364, 371 (1984). In Hawthorne v. State, 408 So.2d 801, 805 (Fla. 1st DCA), rev. denied, 415 So.2d 1361 (Fla. 1982), we first confronted the question of the admissibility of expert testimony regarding the battered woman's syndrome. We gave qualified approval to the use of such evidence, and explained that, in addition to the usual showing required for admission of expert testimony, a party offering expert testimony relating to the syndrome would be required to satisfy the trial *1099 judge that the state of the art or scientific knowledge is sufficiently developed to permit a reasonable opinion to be given by the expert. Id. at 805 & 806.[1]
Subsequent cases have followed Hawthorne, leaving it to the individual trial judge in each case to determine whether the subject area of battered woman's syndrome has gained general acceptance in the relevant scientific community, thus rendering it appropriate to support an expert opinion. See, e.g., Terry v. State, 467 So.2d 761 (Fla. 4th DCA), rev. denied, 476 So.2d 675 (Fla. 1985); Borders v. State, 433 So.2d 1325 (Fla. 3d DCA 1983).
In the present case, the trial judge excluded the testimony "because the evidence proffered is insufficient for this court to find that the state of the art or scientific knowledge pertaining to Battered Woman Syndrome permits a reasonable opinion to be given by an expert." We are unable to understand how the judge could have reached this conclusion. The evidence below was that the battered woman's syndrome has now gained general acceptance in the relevant scientific community, i.e., the psychological community. See Bechtel v. State, 840 P.2d 1, 7 (Okla. Crim. App. 1992). The prosecution did not offer any of its own evidence to counter the testimony of Dr. Krop. On both direct examination and cross-examination, Dr. Krop testified that the battered woman's syndrome is recognized by the American Psychological Association and that he was unaware of any disagreement regarding its acceptance. Although Dr. Krop stated that the data on the syndrome continues to be developed, he explained that in all medical and psychological fields, the search for new data is continual. And he reiterated that the battered woman's syndrome is accepted within a reasonable degree of psychological certainty within the psychological community.
Furthermore, Dr. Krop testified that battered woman's syndrome is essentially diagnosable as post-traumatic stress disorder, which is commonly recognized by the mental health community. Florida cases have consistently recognized the admissibility of expert testimony on post-traumatic stress disorder as it relates to war veterans. See, e.g., Masterson v. State, 516 So.2d 256 (Fla. 1987); Jones v. State, 482 So.2d 571 (Fla. 1st DCA 1986); State v. Twelves, 463 So.2d 493 (Fla. 2d DCA 1985). See also Kruse v. State, 483 So.2d 1383 (Fla. 4th DCA 1986).
We are also persuaded by the declarations of many other courts that the theory underlying the battered woman's syndrome has now gained general acceptance in the scientific community.[2] Equally compelling is the clear trend across the United States towards admissibility of expert testimony on battered woman's syndrome.[3] Numerous *1100 books and articles also indicate general acceptance.[4]
Because the scientific principles underlying expert testimony relative to the battered woman's syndrome are now firmly established and widely accepted in the psychological community, we conclude that the syndrome has now gained general acceptance in the relevant scientific community as a matter of law. Accordingly, the trial judge's refusal to admit this evidence was erroneous. Because the record reveals no basis for disallowing this critical testimony, we conclude that the judge's ruling constitutes reversible error. We hold that expert testimony regarding battered woman's syndrome is henceforth admissible, subject to its relevancy and the qualification of the expert in any individual case. See § 90.702, Fla. Stat.[5] There will be no further need for a case-by-case determination as to whether the state of the art of scientific knowledge relative to the battered woman's syndrome is sufficiently developed to permit a reasonable opinion by an expert.
We briefly address one other issue raised by the appellant. The appellant argues that the trial court erred in excluding the testimony of her mother that appellant had been physically abused by her father and by three former boyfriends. Although the appellant testified to the abuses she had endured in the past, the excluded testimony should be admissible to corroborate the appellant's testimony. Cf. State v. Smith, 573 So.2d 306, 318 (Fla. 1990).
We do not address the other issues raised by the appellant because they are either meritless or rendered moot by our resolution of the issues discussed above. The judgment and sentence are reversed and this cause is remanded for a new trial.
WIGGINTON and MICKLE, JJ., concur.
NOTES
[1] Compare this requirement for admission with the usual requirement for admission of novel scientific evidence that the scientific principle or principles upon which the testimony is based must be "`sufficiently established to have gained general acceptance in the particular field in which it belongs,'" and must have "`attained sufficient scientific and psychological accuracy ... [to be] capable of definite and certain interpretation.'" Stokes v. State, 548 So.2d 188, 193 (Fla. 1989) (quoting Frye v. United States, 293 F. 1013, 1014 & 1026 (D.C. Cir.1923)).
[2] See, e.g., Bechtel v. State, 840 P.2d 1, 7 (Okla. Crim. App. 1992); State v. Koss, 49 Ohio St.3d 213, 551 N.E.2d 970, 975 (Ohio 1990); People v. Torres, 128 Misc.2d 129, 488 N.Y.S.2d 358, 363 (N.Y. Sup. Ct. 1985).
[3] See, e.g., Commonwealth v. Miller, 1993 WL 13066 (Pa.Sup.Ct. 1993); McMaugh v. State, 612 A.2d 725 (R.I. 1992); State v. Burtzlaff, 493 N.W.2d 1 (S.D. 1992); People v. Romero, 10 Cal. App. 4th 1150, 13 Cal. Rptr.2d 332 (1992), rev. granted, 17 Cal. Rptr.2d 120, 846 P.2d 702 (1993); People v. Wilson, 194 Mich. App. 599, 487 N.W.2d 822 (1992); People v. Yaklich, 833 P.2d 758 (Colo.Ct.App. 1991); State v. Williams, 787 S.W.2d 308 (Mo. Ct. App. 1990); State v. Hennum, 441 N.W.2d 793 (Minn. 1989); Fielder v. State, 756 S.W.2d 309 (Tex. Crim. App. 1988); State v. Hodges, 239 Kan. 63, 716 P.2d 563 (1986), clarified, 241 Kan. 183, 734 P.2d 1161 (1988); State v. Hill, 287 S.C. 398, 339 S.E.2d 121 (1986); State v. Gallegos, 104 N.M. 247, 719 P.2d 1268 (1986); State v. Kelly, 97 N.J. 178, 478 A.2d 364 (1984); State v. Allery, 101 Wash.2d 591, 682 P.2d 312 (1984); People v. Minnis, 118 Ill. App.3d 345, 74 Ill.Dec. 179, 455 N.E.2d 209 (1983); Smith v. State, 247 Ga. 612, 277 S.E.2d 678 (1981); State v. Anaya, 438 A.2d 892 (Me. 1981); State v. Baker, 120 N.H. 773, 424 A.2d 171 (1980); State v. Dozier, 163 W. Va. 192, 255 S.E.2d 552 (W. Va. 1979); see also Annotation, Admissibility of Expert or Opinion Testimony on Battered Wife or Battered Woman Syndrome, 18 ALR 4th 1143 (1982 & Supp. 1992) (and cases cited therein).
[4] See, e.g., Lenore Walker, Terrifying Love: Why Battered Women Kill and How Society Responds (1989); Charles Patrick Ewing, Battered Women Who Kill: Psychological Self-Defense as Legal Justification (1987); Angela Brown, When Battered Women Kill (1987); Erich D. Andersen & Anne Read-Andersen, Constitutional Dimensions of the Battered Woman Syndrome, 53 Ohio St.L.J. 363 (1992); Susan Murphy, Assisting the Jury in Understanding Victimization: Expert Psychological Testimony on Battered Woman Syndrome and Rape Trauma Syndrome, 25 Colum.J.L. & Soc.Probs. 277 (1992); Lenore E.A. Walker, Battered Women Syndrome and Self-Defense, 6 Notre Dame J.L. Ethics & Pub. Pol'y 321 (1992); Laura H. Hauber, Note, Ohio Joins the Majority and Allows Testimony on the Battered Woman Syndrome: State v. Koss, 551 N.E.2d 970 (Ohio 1990), 60 U.Cin.L.R. 877 (1992); Martha R. Mahoney, Legal Images of Battered Women: Redefining the Issue of Separation, 90 Mich.L.Rev. 1 (1991); Holly Maguigan, Battered Women and Self-Defense: Myths and Misconceptions in Current Reform Proposals, 140 U.Pa.L.Rev. 379 (1991); B. Sharon Byrd, Till Death Do Us Part: A Comparative Law Approach to Justifying Lethal Self-Defense By Battered Women, 1991 Duke J.Comp. & Int'l L. 169 (1991); Charles Bleil, Evidence of Syndromes: No Need for a "Better Mousetrap," 32 S.Tex.L.R. 37 (1990); Victoria Mikesell Mather, The Skeleton in the Closet: The Battered Woman Syndrome, Self-Defense, and Expert Testimony, 39 Mercer L.Rev. 545 (1988); Cynthia L. Coffee, Note, A Trend Emerges: A State Survey on the Admissibility of Expert Testimony Concerning the Battered Woman Syndrome, 25 J.Fam.L. 373 (1986-87).
[5] Section 90.702, Florida Statutes, provides:

Testimony by experts.  If scientific, technical, or other specialized knowledge will assist the trier of fact in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify about it in the form of an opinion; however, the opinion is admissible only if it can be applied to evidence at trial.