SHAHOOD, Judge.
This is an appeal from a final judgment of dissolution of marriage. We reverse and remand for a new trial.
The wife filed a petition for dissolution of marriage. Throughout the course of the proceedings, the husband refused to answer any questions regarding his income or the nature of his businesses exercising his privilege against self-incrimination under the Fifth Amendment of the United States Constitution.
While still claiming his privilege against self-incrimination, the husband presented testimony of one of his accountants regarding his income and finances. The wife argues that the husband voluntarily waived his privilege against self-incrimination by constructively testifying in his own behalf through his accountant.
A party who voluntarily gives testimony in their own behalf waives the privilege against self-incrimination. Hargis v. Florida Real Estate Comm’n, 174 So.2d 419, 422 (Fla. 2d DCA 1965); State v. Hickson, 630 So.2d 172 (Fla.1993). If a party were permitted to present their statements to the trier of fact through an expert’s testimony, they would, in effect, be able to testify without taking the stand and without subjecting themselves the risk of cross-examination. See Hickson, 630 So.2d at 176.
Despite the husband’s contentions to the contrary, our review of the record demonstrates that his accountant relied exclusively on the husband’s oral representations for a portion of the financial information presented at trial. Consequently, the wife was precluded from cross-examining the husband regarding the basis of his representations to the accountant.
In Brown v. United States, 356 U.S. 148, 155-156, 78 S.Ct. 622, 2 L.Ed.2d 589 (1958), the Supreme Court stated:
[A] witness has the choice, after weighing the advantage of the privilege against self-incrimination against the advantage of putting forward his version of the facts ..., not to testify at all. He cannot reasonably claim that the Fifth Amendment gives him not only the choice, but if he elects to testify, an immunity from cross-examination on *352 matters he has himself put into dispute. It would make the Fifth Amendment not only a humane safeguard against judicially coerced self-disclosure but a positive invitation to mutilate the truth.... The interests of the other party and regard for the function of the courts of justice to ascertain the truth become relevant, and prevail in the balance of considerations determining the scope and limits of the privilege against self-incrimination.
Because the husband chose to present evidence in his own behalf through his accountant in an effort to avoid to cross-examination, we believe the trial court erred when it declined to find a waiver of the husband’s privilege against self-incrimination. Accordingly, we reverse and remand this case for a new trial. Because we are remanding for a new trial, we do not address the other issues raised on appeal or the merits of the husband’s cross-appeal.
REVERSED AND REMANDED.
DELL and GUNTHER JJ., concur.