# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

GARY RANDALL HEAD,

Defendant-Appellant.

UNPUBLISHED
December 26, 2017

No. 333420
Lapeer Circuit Court
LC No. 14-011980-FH

Before: MURRAY, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of assault with a dangerous weapon (felonious assault), MCL 750.82, and misdemeanor domestic violence, MCL 750.81(2). Defendant was sentenced to 365 days in jail and one year of probation for the felonious assault conviction. Defendant was not given an additional sentence for the domestic violence conviction, but was ordered to pay a fine. We affirm.

## I. FAILURE TO OBJECT TO JURY INSTRUCTIONS

Defendant first argues that he was denied his constitutional right to the effective assistance of counsel because trial counsel failed to object to a self-defense jury instruction that was erroneously misstated by the trial court.

To preserve an ineffective assistance of counsel argument, defendant must move for a new trial or a *Ginther*[1] hearing in the trial court. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009). Defendant failed to move for a new trial or for a *Ginther* hearing, so this Court's review of this unpreserved issue is "limited to mistakes apparent on the record." *Payne*, 285 Mich App at 188. This Court reviews a trial court's factual findings for clear error, and reviews constitutional determinations de novo. *People v Johnson*, 293 Mich App 79, 90; 808 NW2d 815 (2011).

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

In order to prove ineffective assistance of counsel, defendant must be able to show "that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). Additionally, "[b]ecause the defendant bears the burden of demonstrating both deficient performance and prejudice, the defendant necessarily bears the burden of establishing the factual predicate for his claim." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

The self-defense jury instruction that was read by the trial court is identical, with the exception of one word, to M Crim JI 7.22(3), which states that, "at the time [he/she] acted, the defendant must not have been engaged in the commission of a crime." The trial court mistakenly read that defendant "must have been engaged in the commission of a crime." Although written copies of all applicable jury instructions were given to the jury, a copy of the self-defense instruction was not. Nothing in the record explains why the self-defense instruction was missing from the packet of written jury instructions that the jury received. Defendant argues that the omission of the word "not" rendered the instruction "almost nonsensical," and "undermine[d] the outcome of the proceedings."

This Court "review[s] jury instructions in their entirety to determine if error requiring reversal occurred." *People v Aldrich*, 246 Mich App 101, 124; 631 NW2d 67 (2001). To state that defendant "must have been engaged in the commission of a crime" alters the meaning of self-defense. Although defense counsel argued self-defense in accordance with the law, the record does not suggest a strategic reason for defense counsel failing to object to the instruction. Where a jury instruction is plainly erroneous, defense counsel is required to object, and failing to do so is conduct that falls below an objective standard of reasonableness. *People v Eisen*, 296 Mich App 326, 330; 820 NW2d 229 (2012).

We reject defendant's argument that counsel's deficient performance prejudiced him. *People v Riley (After Remand),* 468 Mich 135, 140; 659 NW2d 611 (2003). Defendant has not set forth or alleged any facts that support his assertion of self-defense. In support of this defense, defendant testified that both the victim and the victim's father attempted to carjack him, but his testimony was undermined when the jury was given the opportunity to listen to the 911 call that the victim's father made during his confrontation with defendant. It is beyond doubtful that the jury would believe that a potential carjacker would call 911 and give a dispatcher the license plate number of a car that he allegedly planned to forcibly steal.

Additionally, presuming the jury followed the instructions provided, it still would not have thought defendant was required to be committing a crime in order to be lawfully acting in self-defense. As part of its instruction, the trial court told the jury that to be entitled to self-defense, defendant "must not have acted wrongfully and brought on the assault." Defendant has,

therefore, failed to establish the requisite prejudice necessary to show that he was denied the effective assistance of counsel.[2]  Therefore, defendant's argument lacks merit.

## II.  FAILURE TO REQUEST JURY INSTRUCTION

Defendant next argues that he was denied the effective assistance of counsel because trial counsel failed to request a jury instruction regarding the defense of others.  This issue is also unpreserved due to defendant's failure to request a new trial or a *Ginther* hearing below, and our review is limited to the facts that are apparent on the record.  *People v Mack*, 265 Mich App 122, 125; 695 NW2d 342 (2005).

Effective assistance of counsel is presumed, *Mack*, 265 Mich App at 129, and defendant shoulders a heavy burden in attempting to show that counsel's performance was deficient and prejudiced his defense in this regard, *People v LeBlanc*, 465 Mich 575, 578; 640 NW2d 246 (2002).  "[D]efendant must overcome a strong presumption that counsel's performance constituted sound trial strategy." *Riley*, 468 Mich at 140.  Defendant's counsel chose to frame the defense argument in terms of self-defense, rather than defense of others, and maintained that defendant hit the victim with his car because he believed that he needed to protect himself from a carjacking.  Defendant denies that he was motivated by self-defense, and maintains that "[t]he consistent theme presented to the jury throughout the case was that Mr. Head . . . took the actions that he took to ensure not his own safety, but his family's."

A defendant may request jury instructions on defenses that are supported by the evidence. *People v Hawthorne*, 474 Mich 174, 182; 713 NW2d 724 (2006).  The record does not support defendant's assertion of defense of others.  The only evidence that defendant was protecting his family comes from defendant's assertion that he feared he was being carjacked.  However, defendant testified at trial that he did not intend to assault the victim by hitting him with his car.  When questioned, he specifically stated that the fact that he drove away "was not intended to be an assault."  Self-defense and defense of others are affirmative defenses that imply that the defendant's "actions were intentional but that the circumstances justified his actions." *People v Wilson*, 194 Mich App 599, 602; 487 NW2d 822 (1992).  Therefore, by stating that he did not intend to hit the victim, defendant not only undermined his theory regarding the defense of others, but also his theory of self-defense.  If defendant truly did hit the victim without intending

---

[2]Although defendant's argument focuses on the question of whether defense counsel's actions prejudiced him, he does not argue that the outcome of the trial would have been fundamentally different if the instruction had included the word "not."  Without evidence suggesting otherwise, it is pure speculation to assume that the outcome of this case would have been different if the jury instruction had been read correctly.  Speculation regarding whether the outcome of a trial might have been different is not sufficient to support a claim of ineffective assistance of counsel.  In addition, as noted earlier in this opinion, the court instructed the jury that defendant "must not have acted wrongfully and brought on the assault."  Because defendant cannot show that the inclusion of the word "not" would have resulted in a different outcome, defense counsel's failure to object cannot be considered "so serious as to deprive defendant of a fair trial[.]" *People v LeBlanc*, 465 Mich 575, 582; 640 NW2d 246 (2002) (quotation marks and citations omitted).

to, then his action is little more than an accident, and does not constitute either defense of others or self-defense.

Nevertheless, despite the fact that neither a jury instruction on self-defense nor a jury instruction on defense of others is ultimately supported by the record, defense counsel may have chosen a self-defense argument because he believed that it was stronger than the defense of others argument. Regardless, because this Court is limited to what is apparent on the record, we presume that trial counsel was engaged in sound trial strategy when it chose a self-defense theory over a defense of others theory. See *Riley*, 468 Mich at 140. Decisions regarding which defenses to raise are a matter of trial strategy. *People v Henry*, 239 Mich App 140, 149; 607 NW2d 767 (1999). This Court " 'will not substitute [its] judgment for that of counsel . . . nor will [it] use the benefit of hindsight when assessing counsel's competence.' " *Payne*, 285 Mich App at 190 (citation omitted). Accordingly, defendant's argument must fail.

Affirmed.

/s/ Christopher M. Murray
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood