726 So.2d 349 (1999)
STATE of Florida, Petitioner,
v.
Jaime NAZARIO, Respondent.
No. 98-1900
District Court of Appeal of Florida, Third District.
January 27, 1999.
Robert A. Butterworth, Attorney General and Sandra S. Jaggard, Assistant Attorney General, for petitioner.
Rhonda A. Anderson and Arturo V. Hernandez, for respondent.
Before COPE, GREEN, and SORONDO, JJ.
PER CURIAM.
The respondent, Jaime Nazario, was charged by information with second degree murder. This charge allegedly arose from an argument between Nazario and a group of people which included the victim. Nazario's theory of defense in this case is apparently that of self-defense. In a petition for writ of certiorari, the state seeks review of two pretrial orders. One order, in part, ruled admissible at trial "expert testimony regarding brain functioning as it relates to the facts of this case, human behavior and brain functioning while experiencing the fight/flee syndrome, the factors that trigger said syndrome, and the physical sumptoms [sic] that are experienced during said syndrome." As for the second order, the state seeks review to the extent that it permits the victim's wife to testify as to specific instances of the victim's misconduct while under the influence of drugs and alcohol. We have jurisdiction to entertain this petition. See State v. Pettis, 520 So.2d 250, 252-53 (Fla.1988). We grant the petition as to the first order because it departs from the essential requirements of the law but deny the petition as to the second order.
*350 At the trial of this cause, the defense seeks to have Dr. Bill Mosman offer expert testimony about the fight/flee syndrome and how the effects of this syndrome precluded Nazario from forming an intent to kill, but rather, caused him to kill out of an involuntary survival instinct. Essentially, Dr. Mosman is prepared to testify that although this syndrome did not render Nazario insane at the time of the act, the fight/flee syndrome rendered the killing involuntary on Nazario's part.
The state correctly argues that this evidence is inadmissible because of Florida's longstanding refusal to admit a defense based upon an irresistible impulse or a diminished mental capacity theory, where the defendant's sanity is not at issue. See Chestnut v. State, 538 So.2d 820, 820 (Fla.1989); Wheeler v. State, 344 So.2d 244, 245 (Fla. 1977); Campbell v. State, 227 So.2d 873, 877 (Fla.1969); Holston v. State, 208 So.2d 98, 99 (Fla.1968); Van Eaton v. State, 205 So.2d 298, 303-04 (Fla.1967); Piccott v. State, 116 So.2d 626, 627 (Fla.1959); Everett v. State, 97 So.2d 241, 245 (Fla.1957); Tremain v. State, 336 So.2d 705, 707 (Fla. 4th DCA 1976). Therefore, expert testimony that a defendant suffered from a mental infirmity, disease, or defect without concluding that, as a result, the defendant was insane as defined by the "M'Naghten Rule," is irrelevant. See Hall v. State, 568 So.2d 882, 885 (Fla.1990); Gurganus v. State, 451 So.2d 817, 821 (Fla.1984); Dwight v. State, 677 So.2d 1363, 1365 (Fla. 1st DCA), review denied, 684 So.2d 1350 (Fla.1996).
In entering its order, the trial court relied upon State v. Hickson, 630 So.2d 172 (Fla. 1993), and Christian v. State, 693 So.2d 990 (Fla. 1st DCA 1996), rev'd on other grounds, 692 So.2d 889 (Fla.1997). We find the court's reliance upon these decisions in this case to be misplaced. Hickson was a second degree murder case wherein the defendant was relying upon the battered-spouse syndrome to support her claim of self-defense. The supreme court found the expert's testimony regarding the battered spouse syndrome to be admissible to assist the jury in understanding why the defendant remained in an environment with an abusive spouse. Hickson, 630 So.2d at 173-74, 176. We think that the first district has correctly observed in Hawthorne v. State, 408 So.2d 801 (Fla. 1st DCA 1982), that there is a difference in purpose between the expert testimony offered in battered-spouse syndrome cases and in cases such as the one before us. Id. at 806. In Hawthorne, a battered spouse syndrome case, the court noted that:
The factor upon which the expert testimony would be offered was secondary to the defense asserted. Appellant did not seek to show through the expert testimony that the mental and physical mistreatment of her affected her mental state so that she could not be responsible for her actions; rather, the testimony would be offered to show that because she suffered from the syndrome, it was reasonable for her to have remained in the home and at the pertinent time, to have believed that her life and the lives of her children were in imminent danger. It is precisely because a jury would not understand why appellant would remain in the environment that the expert testimony would have aided them in evaluating the case.
Id. at 807. On the other hand, in the case before us, the purpose of the proffered expert's testimony as to the mental state of the accused was to directly explain and justify his conduct. This is what has otherwise historically been ruled inadmissible under Florida law.
In Christian, the appellant was charged with second degree murder stemming from an altercation at a dance hall involving his brother. His expert witness was prepared to testify that because of the appellant's fear, the appellant believed that shooting the victim was his only means of protecting his brother. See 693 So.2d at 992-93. The trial court excluded such testimony. The first district upheld the exclusion of this testimony based upon its conclusion that it is improper to permit an expert to express an opinion which applied a legal standard to a set of facts. Id. at 993. Although not articulated as such, we believe that Christian's holding is in line with established Florida law excluding such evidence. We therefore grant the writ and quash the portion of the trial court's *351 order permitting "expert testimony regarding brain functioning as it relates to the facts of this case, human behavior and brain functioning while experiencing the fight/flee syndrome, the factors triggering the syndrome and the physical symptoms experienced during the syndrome.".
As to the remaining order under review, we cannot conclude that the trial court departed from the essential requirements of the law where, contrary to the state's suggestion, the order on its face clearly prohibits evidence of specific instances of prior bad acts or misconduct. We, therefore, deny that portion of the petition regarding this order.