ORFINGER, J.

ON MOTIONS FOR REHEARING

We grant the motions for rehearing, withdraw our previous opinion dated March 24, 2006, and substitute the following in its place.
Eduardo I. Filomeno appeals his convictions of second degree murder with a firearm [1] and shooting into an occupied vehicle.[2] While none of the claimed errors *822 merit reversal, one deserves discussion.
At trial, Filomeno admitted shooting the victim, Sergio Watson, but claimed that he acted in self-defense. The police found five bullet holes in Watson’s car. Apparently, one of the bullets ricocheted into the car, piercing Watson’s lungs and killing him. According to Filomeno, Watson had stalked him, repeatedly made threats that he “was coming for” Filomeno and gestured with his hand as though pointing a gun at Filomeno. Filomeno’s response to Watson’s threats was to tell him to “bring it on.” Describing the circumstances of the shooting, Filomeno testified that Watson utilized a vehicle to box in his vehicle in a parking lot so that each time Filomeno pulled forward, Watson did the same, thereby, preventing Filomeno from leaving the parking lot. Filomeno testified that he thought Watson had a gun and was reaching for it when Filomeno began shooting, allegedly in self-defense. Two witnesses described Filomeno as shooting only after Watson had driven ten or fifteen feet away, while a third witness testified that Filomeno shot before Watson began leaving the parking area. Not realizing that his shots had killed Watson, Filomeno went home to reload his gun, believing that Watson would “show up at any time.”
The defense had a psychologist examine Filomeno prior to trial. When the psychologist’s testimony was proffered at trial, defense counsel explained to the court that the witness was to describe the “fight or flight” response to the jury. According to defense counsel, the psychologist was prepared to testify that in some highly stressful situations, an individual’s perception of danger may impel them to “fight,” when they perceive that they are being prevented from “flight.” Additionally, the psychologist was prepared to testify that given Filomeno’s situation, his perceptions of danger were both logical and reasonable. Sustaining the State’s objection to the proffered testimony, the trial court concluded that the psychologist’s testimony attempted to put forth the defense of diminished mental capacity, a defense not recognized in Florida. See Chestnut v. State, 538 So.2d 820, 825 (Fla.1989) (holding that evidence of an impaired mental condition, that does not rise to Florida’s definition of insanity, is not admissible).
The admissibility of evidence is within the sound discretion of the trial court, and the trial court’s ruling will not be reversed unless there has been a clear abuse of that discretion. Ray v. State, 755 So.2d 604, 610 (Fla.2000). While the State correctly argues that Florida rejects the defense of diminished mental capacity, we think that the State and the trial court miseharacterized at least some of the proffered evidence as diminished capacity evidence. We view the psychologist’s explanation as to the “fight or flight” response as state-of-mind evidence, analogous to battered spouse syndrome testimony that has been approved many times. See, e.g., State v. Mizell, 773 So.2d 618, 620 (Fla. 1st DCA 2000).
Contrary to the State’s argument, Filo-meno’s theory of self-defense was not that of diminished capacity. Filomeno never contented that his acts were involuntary, or that he could not form the requisite intent to commit the crime charged. Rather, he contended that the proffered evidence was relevant to help the jury understand his state-of-mind, a relevant inquiry on the question of self-defense. The standard jury instruction for self-defense recognizes that a defendant’s perceptions of the surrounding events are relevant when assessing the reasonableness of the use of force in self-defense. See Fla. Std. Jury Instr. (Crim.) Justifiable Use of Deadly Force (stating that “[pjersons are justified in using force likely to cause death or great bodily harm if they reason *823 ably believe that such force is necessary to prevent ... imminent death or great bodily harm to themselves or another cf. Mizell; State v. Nazario, 726 So.2d 349 (Fla. 3d DCA 1999). We conclude that the psychologist could have been permitted to testify about the characteristics of the “fight or flight” response if the trial court concluded that such testimony would have aided the jury in understanding the reasonableness of Filomeno’s belief that he was in mortal danger.[3]
Although we conclude that the trial court erred in stating its reason for excluding the psychologist’s testimony about the “fight or flight” response, we are convinced, after a thorough review of the record, that the error was harmless beyond a reasonable doubt. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). We reach that conclusion because the jury was fully instructed on the elements of self-defense and Filomeno testified at length why he felt that he could not flee, but was forced to shoot Watson. The jury instruction recognized the existence of a choice between fighting or fleeing. We do not believe that additional testimony about the mental process involved in making that choice would have helped the jury in deciding this issue. The trial court essentially reached this same conclusion when it expressed concerns about whether the expert testimony would aid the jury’s understanding of the issues, after hearing a full proffer of the prepared testimony. Under these circumstances, the exclusion of the expert’s testimony was a proper exercise of discretion. See Jones v. State, 748 So.2d 1012, 1025 (Fla.1999) (explaining that expert testimony should not be admitted unless the subject is beyond the common understanding of the average layman and the testimony will probably aid the trier of fact in its search for truth). The jury had the opportunity to find that Filomeno acted in self-defense, but chose not to do so.
AFFIRMED.
TORPY and LAWSON, JJ., concur.

. §§ 782.04(2), 775.087(1) & (2), Fla. Stat. (2002).

. § 790.19, Fla. Stat (2002).

. It seems doubtful to us that the psychologist would have been permitted to testify that Filo-meno’s actions were reasonable.