[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 10-12676 & 10-13096
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 23, 2011
JOHN LEY
CLERK

D.C. Docket Nos. 3:07-cr-00105-MCR-MD-1

3:09-cv-00289-MCR-MD

HOLLY M. BARNES,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeals from the United States District Court
for the Northern District of Florida

_____

(May 23, 2011)

Before CARNES, WILSON and FAY, Circuit Judges.

PER CURIAM:

Holly Barnes, proceeding *pro se*, appeals the district court's denial of her 28 U.S.C. § 2255 motion to vacate, set aside, or correct her sentence. We granted a certificate of appealability ("COA") as to "[w]hether the district court erred when it failed to consider Barnes's argument, raised in her reply to the government's response, alleging that counsel was ineffective for failing to argue on direct appeal that the sentencing court incorrectly applied a victim-related adjustment, U.S.S.G. § 3A1.1(b), in calculating her sentence."

Barnes failed to provide any argument on the issue specified in the COA.[1] Ordinarily, an appellant abandons an issue if she fails to raise it in her initial brief. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam). But in deference to Barnes's *pro se* status, we will consider the issue presented in the COA because it is clear that she intended to pursue the question through raising the merits of her underlying sentencing claims. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (explaining how *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers).

---

[1] Instead, Barnes argues that the district court erred in applying a vulnerable-victim enhancement under U.S.S.G. § 3A1.1, and that her appellate counsel was ineffective for failing to challenge the enhancement on direct appeal. We cannot consider these arguments, however, because they are outside the scope of the COA. *See Murray v. United States*, 145 F.3d 1249, 1250–51 (11th Cir. 1998) (per curiam) ("[I]n an appeal brought by an unsuccessful habeas petitioner, appellate review is limited to the issues specific in the COA.").

When reviewing a district court's denial of a § 2255 motion, we review factual findings for clear error and legal conclusions *de novo*. *Rhode v. United States*, 583 F.3d 1289, 1290 (11th Cir. 2009) (per curiam). When a district court does not address all "claims for relief" raised in a § 2255 motion, we "vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims . . . ." *Clisby v. Jones*, 960 F.2d 925, 936, 938 (11th Cir. 1992) (en banc). A claim for relief is "any allegation of a constitutional violation." *Id.* at 936.

Here, the district court did not violate *Clisby* because Barnes did not properly raise the ineffective-appellate-counsel claim to the district court. First, the claim was initially mentioned in her reply to the government's response to her § 2255 motion. Rather than argue a new ineffective-appellate-counsel claim, Barnes argued that her underlying § 2255 claims were not procedurally barred because her appellate counsel did not *consult* with her regarding the issues he was raising on direct appeal. Barnes never argued that no other reasonable appellate counsel would have acted the same way, or that her appellate counsel's failure prejudiced the outcome of her appeal. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (setting out the test for ineffective assistance of counsel).

Moreover, to the extent Barnes intended the argument to be a new

3

substantive claim for relief, it was untimely under Federal Rule of Civil Procedure 15(a). *See Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000) (applying Rule 15(a) in the context of § 2255 proceedings). On the date Barnes filed her reply, the time for amending her § 2255 motion as a matter of right had expired because she filed her reply more than 21 days after the government filed its responsive pleading. *Compare* Fed. R. Civ. P. 15(a)(1) (2007) (requiring the amendment to be filed prior to the filing of the responsive pleading), *with* Fed. R. Civ. P. 15(a)(1) (2009) (requiring the amendment to be filed within 21 days after service of the responsive pleading).[2]

Therefore, we affirm.

**AFFIRMED.**

---

[2] The newer version of Rule 15(a)(1) was in effect when Barnes filed her reply on December 22, 2009, because amendments to the Federal Rules apply to then-pending litigation on the effective date. Fed. R. Civ. P. 86.