IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

KRISTEN ELIZABETH
WAGNER,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-3135

_____/

Opinion filed December 6, 2017.

An appeal from the Circuit Court for Okaloosa County.
Michael Flowers, Judge.

Andy Thomas, Public Defender, and Courtenay H. Miller, Assistant Public
Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Robert "Charlie" Lee, Assistant Attorney
General, Tallahassee, for Appellee.

WETHERELL, J.

      Appellant was convicted of attempted first-degree murder for shooting her

husband in the back after an argument. She raises four issues on appeal, including

a claim that the trial court erred in excluding evidence that she suffered from

battered-spouse syndrome (BSS). We affirm because this evidence was immaterial to Appellant's defense that the shooting was an accident.

I

On the night of July 26, 2014, Appellant and her husband got into an argument that turned violent. Appellant had been drinking (she said she had two rum-and-cokes; he said she had as many as five), and the husband claimed that she was the aggressor. However, the husband admitted that during the argument, he held Appellant down on the bed, pushed her to the floor, and took her cell phone and threw it against the wall.

After the husband's son intervened in the argument, Appellant left the house and went across the street to a neighbor's house. When the neighbor did not answer the door, Appellant went back to her house and demanded her keys from the husband who was standing on the front porch about 25 to 30 feet away from Appellant. The husband told her to come get the keys, but she pulled a gun (a Ruger .380-caliber semi-automatic pistol with a laser sight) from her shorts, pointed it at the husband, and told him to throw her the keys. The husband underhand-tossed the keys towards Appellant and they landed 3 to 4 feet in front of her. He then turned around and closed the glass front door behind him as he went back inside the house.

Then, according to Appellant's testimony, as she bent down to pick up the keys with her left hand, the gun that she was holding in her right hand accidentally

2

discharged. She could not remember if her finger was on the trigger, but she testified that she "absolutely [did] not" intentionally pull the trigger and that she was not aiming at anything when the gun went off. The bullet discharged from the gun went through the glass front door and struck the husband in the lower back. The husband made it to the son's room where he collapsed on the floor and told the son to lock the door and call 911.

Meanwhile, Appellant retrieved the keys and went to her car. She put the gun in the center console of the car, but she did not immediately leave. Instead, she went back into the house (without the gun) to look for her glasses, wallet, and phone. When she was unable to find these items, she took the husband's phone and wallet from the master bedroom. Then, she left the house and drove away in her car. She was apprehended by the police a short time later.

Appellant was charged with attempted first-degree murder with a firearm. She filed a notice of intent to rely on BSS evidence under Florida Rule of Criminal Procedure 3.201 and amended the notice three times. Although the trial court found the third-amended notice to be "legally sufficient," the court granted the State's motion to strike the notice and precluded Appellant from presenting the BSS evidence at trial. The court did not explain its rationale for striking the notice, except to note that the notice contained unspecified "defects" that could not be cured through further amendment.

At trial, Appellant's theory of defense was that she brandished the gun in self-defense, but that the shooting was an accident. The jury was instructed on both justifiable use of deadly force and excusable attempted homicide, and during closing argument, defense counsel repeatedly—at least 15 times—described the shooting as an accident.

The jury apparently rejected Appellant's claim that the shooting was an accident because it found her guilty as charged. The trial court sentenced Appellant to 35 years in prison with a 25-year mandatory minimum based on the jury's finding that she discharged a firearm and caused great bodily harm to the husband.

This timely appeal followed.

II

BSS "has been described as a condition wherein a woman who has had a long-standing personal relationship with a man in which she is frequently subjected to physical abuse, remains with the man but eventually acts against him because of her fear that his continued abuse will mortally injure her." Terry v. State, 467 So. 2d 761, 763 (Fla. 4th DCA 1985); see also U.S. v. Barnes, 2010 WL 2044913, at *12 n.4 (N.D. Fla. Apr. 22, 2010) ("[BSS] is a set of psychological and behavioral reactions exhibited by victims of severe, long-term, domestic physical and emotional abuse. It is not a mental disease or defect; rather, it is a post-traumatic stress

4

disorder.") (citations omitted), report and recommendation adopted, 2010 WL 2044909 (N.D. Fla. May 24, 2010), aff'd, 427 Fed. Appx. 726 (11th Cir. 2011).

BSS is not itself a legal defense, but evidence that the defendant suffers from BSS is admissible in Florida to support a claim of self-defense when the defendant is charged with a crime against her abuser. See State v. Hickson, 630 So. 2d 172 (Fla. 1993). Here, however, Appellant's defense to the discharge of the gun was accident, not self-defense. Cf. Williams v. State, 588 So. 2d 44, 45 (Fla. 1st DCA 1991) (explaining that because a claim of self-defense involves "an admission and avoidance," a defendant who claims that her injury of another was the result of an accident generally is not entitled to an instruction on self-defense). Thus, the issue in this case is whether evidence of BSS is also admissible where the defendant asserts the defense of accident, rather than self-defense.

Appellant has not cited—nor has our research located—any Florida case holding that evidence of BSS is admissible where the defendant claims accident rather than self-defense. However, this issue has been considered by courts in other states and those courts have almost uniformly held that evidence of BSS is not admissible in these circumstances. See, e.g., People v. Lasley, 322969, 2015 WL 8538923, at **2–3 (Mich. Ct. App. Dec. 10, 2015) (unpublished), appeal denied, 886 N.W.2d 422 (Mich. 2016); State v. Hanson, 793 P.2d 1001, 1003 (Wash. Ct. App. 1990); see also McBrayer v. State, 383 S.E.2d 879, 881 (Ga. 1989) (finding

5

that defense counsel was not ineffective in failing to request jury instructions on BSS where the defendant claimed the shooting was an accident); Francis v. State, 183 S.W.3d 288, 299 (Mo. Ct. App. 2005), as modified (Jan. 31, 2006) (explaining that because a BSS-supported claim of self-defense requires an intentional act, defense counsel was not ineffective in not presenting expert testimony on BSS where the defendant claimed the shooting was accidental); State v. Sallie, 693 N.E.2d 267, 270 (Ohio 1998) (affirming denial of motion alleging ineffective assistance of counsel and explaining that "[b]ecause [the defendant] did not claim she shot [the victim] in self-defense, evidence that she may have suffered from [BSS] was immaterial [and] trial counsel might reasonably have determined evidence explaining and rationalizing why [the defendant] might intentionally shoot [the victim] would appear inconsistent with the theory of accident, thereby diminishing [the defendant]'s credibility."); cf. People v. Hartman, 86 A.D.3d 711, 713 (N.Y. 2011) (finding BSS evidence inadmissible where "the evidence at trial, including defendant's own testimony, undermined her claim of self-defense").

The only contrary authority appears to be State v. Stewart in which a sharply-divided West Virginia Supreme Court held that the admission of BSS evidence is not limited to cases in which the defendant claims self-defense because such evidence can also be used to show that the defendant could not have formed the intent necessary to commit the crime. See 719 S.E.2d 876, 885 (W. Va. 2011)

6

("[BSS] is admissible to explain to the jury how domestic abuse may affect a defendant's reasoning, beliefs, perceptions, or behavior. This evidence is relevant because it may negate an essential element of the crime charged, such as premeditation, malice or intent."). However, this type of diminished capacity evidence is not admissible in Florida. See Chestnut v. State, 538 So. 2d 820, 825 (Fla. 1989); State v. Mizell, 773 So. 2d 618, 620 (Fla. 1st DCA 2000). Accordingly, we align ourselves with Justice Davis' dissent in Stewart—and the other cases cited above—and find no error in the trial court's exclusion of the BSS evidence in this case.

In reaching this conclusion, we have not overlooked Appellant's argument that the BSS evidence was admissible to explain the reasonableness of Appellant's decision to arm herself and brandish the gun. However, we fail to see how that fact is relevant because Appellant was not charged with illegally possessing or brandishing the gun; she was charged with injuring her husband by discharging the gun, and her sole defense to the discharge was accident. Accordingly, even if the trial court erred in excluding the BSS evidence, the error was harmless because that evidence had no bearing on whether the husband was shot as a result of an intentional or accidental discharge of the gun.

## III

For the reasons stated above—and because we find no merit in the other issues raised on appeal—we affirm Appellant's judgment and sentence.

AFFIRMED.

B.L. THOMAS, C.J., and WINSOR, J., CONCUR.