# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1473

_____

ERNA MCFADDEN,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Mark Borello, Judge.

April 11, 2019

JAY, J.

The Appellant, Erna McFadden, appeals from an order denying her postconviction motion brought pursuant to Florida Rule of Criminal Procedure 3.850. For the reasons discussed below, we affirm.

I.

The Appellant was charged with armed robbery (count I) and two counts of aggravated battery (counts II and III). She pleaded guilty to counts II and III, and a jury trial was held on count I.

At trial, the evidence showed that Dustin McDonald, a CVS employee, saw the Appellant and another woman in the store

hiding merchandise in their purses. He alerted his coworker, Dean Campbell, and they followed the two women to the front of the store. Mr. Campbell was on the phone, trying to find the non-emergency number for the police department.

Near the exit, Mr. McDonald asked to search the Appellant's purse, which prompted her companion to flee. Mr. Campbell struggled with the companion briefly before she escaped. While Mr. McDonald was watching the other woman run away, the Appellant slashed him across his face, chest, and hand with a boxcutter. Concerned for the safety of Mr. McDonald and the other customers, Mr. Campbell struggled with the Appellant. She then slashed Mr. Campbell on the face. He disengaged from the Appellant to assist Mr. McDonald. While he was focused on Mr. McDonald's injuries, the Appellant ran past Mr. Campbell and slashed him on his left arm. He saw her get into a gold Ford Taurus with no license plate. Mr. Campbell and Mr. McDonald both testified that they never threatened either woman.

The police apprehended the Appellant and her companion two minutes down the road and less than a mile from the scene. Both Mr. Campbell and Mr. McDonald identified them as the individuals involved in the offenses. When the gold Taurus was searched, police found a brown purse in the back seat and a blue and white purse in the front passenger seat. The blue and white purse contained items that were stolen from the CVS. The brown purse contained a boxcutter. A fragment of the boxcutter's blade was discovered outside the CVS. Surveillance footage was introduced at trial.

Based on this evidence, the Appellant was found guilty of count I. She was sentenced to life in prison on count I and fifteen years in prison on counts II and III. Her convictions and sentences were affirmed on appeal. *See McFadden v. State*, 129 So. 3d 1072 (Fla. 1st DCA 2014) (Table).

The Appellant subsequently filed the instant rule 3.850 motion, raising five ineffective assistance of counsel claims. Upon being granted leave to amend grounds one, two, four, and five, the Appellant filed an amended motion. The trial court

2

summarily denied the amended motion on the merits. This timely appeal followed.

## II.

In the Appellant's first and second grounds, she argued that her attorney was ineffective for failing to object to the reading of the principal instruction. She alleged that neither the information nor the evidence showed that she acted in concert with anyone to commit a robbery. She asserted that she was simply shopping with the codefendant until Mr. McDonald approached and asked to search their purses. She claimed that she had been unaware that the codefendant was stealing until she ran away. The Appellant alleged that she only struck the clerk because he struck her first, not to aid in the codefendant's escape. She argued that if counsel had objected, she would have been acquitted of robbery or convicted of a lesser offense.

To prove ineffective assistance, an appellant must allege (1) the specific acts or omissions of counsel that fell below a standard of reasonableness under prevailing professional norms and (2) that the appellant's case was prejudiced by these acts or omissions such that the outcome of the case would have been different. *Strickland v. Washington*, 466 U.S. 668, 690-92 (1984). However, "[c]ounsel cannot be deemed ineffective for failing to make a meritless objection." *Hitchcock v. State*, 991 So. 2d 337, 361 (Fla. 2008).

"The principals instruction may be given if the evidence adduced at trial supports such an instruction." *McGriff v. State*, 12 So. 3d 894, 894 (Fla. 1st DCA 2009). Under the law applicable to principals,

> a defendant will be treated as if he did all the acts performed by the others involved in the perpetration of a crime if (1) the defendant "ha[d] a conscious intent that the crime be done" and (2) the defendant "d[id] some act or sa[id] some word which was intended to and d[id] incite, cause, encourage, assist, or advise another person to actually commit the crime."

3

*Charles v. State*, 945 So. 2d 579, 581-82 (Fla. 4th DCA 2006) (quoting *R.J.K. v. State*, 928 So. 2d 499, 503 (Fla. 2d DCA 2006)).

Here, the evidence supported the jury instruction. Mr. McDonald testified that he saw both women stealing items from the store. When confronted about the theft, the Appellant attacked Mr. McDonald. Both Mr. McDonald and Mr. Campbell testified that when the attack began, they were distracted by the codefendant and were not paying attention to the Appellant. It was only after the Appellant injured Mr. McDonald that Mr. Campbell struggled with her. Furthermore, the Appellant attacked Mr. Campbell again after he had disengaged from her to aid Mr. McDonald. This interaction was caught on video surveillance. Under these circumstances, grounds one and two were properly denied.

In the Appellant's third ground, she argued that (a) the state failed to prove a prima facie case, (b) her conviction was obtained through a coerced confession, (c) the prosecutor failed to disclose favorable evidence, (d) her attorney was ineffective for failing to object to improper prosecutorial comments, and (e) her attorney was ineffective for failing to argue the state's failure to prove premeditation. However, the Appellant failed to raise these arguments in her pro se initial brief. Therefore, appellate review of ground three has been waived. *See Duest v. Dugger*, 555 So. 2d 849, 852 (Fla. 1990); *Watson v. State*, 975 So. 2d 572, 573 (Fla. 1st DCA 2008).

In the Appellant's fourth ground, she argued that her attorney was ineffective for failing to call an expert witness to testify regarding her mental health issues. She alleged that Mr. McDonald grabbed her arm and threw her into a wall, prompting her to use the boxcutter to defend herself. She asserted that a mental health expert could have testified that she felt threatened under these circumstances due to her mental health issues. She claimed that this omission left the jury without a complete picture of her state of mind. She also argued that counsel failed to present mitigating evidence regarding her mental health issues.

4

The Appellant does not appear to be arguing that at the time of the offense, she was unable to appreciate the difference between right and wrong or understand the nature or quality of her act. Thus, she does not seem to suggest that an insanity defense was available. Rather, because this argument is premised upon demonstrating her state of mind and the need to defend herself, it appears to be a self-defense argument. *Cf. Filomeno v. State*, 930 So. 2d 821, 822 (Fla. 5th DCA 2006) (holding that a psychologist's testimony concerning the "fight or flight" response was admissible as state-of-mind evidence to support a claim of self-defense).

As an initial matter, the Appellant's factual allegations in this ground are inconsistent with the evidence presented at trial. Mr. McDonald's and Mr. Campbell's testimony established that the Appellant injured Mr. McDonald with the boxcutter while he was distracted by her codefendant's flight. Mr. McDonald did not touch or strike the Appellant. Rather, it was Mr. Campbell who struggled with the Appellant and only after Mr. McDonald had been attacked. The Appellant subsequently attacked Mr. Campbell after the struggle was over, while he was assisting Mr. McDonald.

Furthermore, the Appellant pleaded guilty to the aggravated battery charges and only proceeded to trial on armed robbery. Her attorney relied on her guilty pleas to argue that while she committed the aggravated batteries and would be punished for them, she neither stole property nor intended to help her codefendant steal, and thus, she did not commit armed robbery. The Appellant does not explain how a self-defense theory would apply under these circumstances. Regardless, even if a self-defense theory would apply, this ground remains facially insufficient after an opportunity to amend, as the Appellant does not identify her mental illness or how it affected her perceptions. Therefore, this aspect of her claim was properly denied with prejudice. *See* Fla. R. Crim. P. 3.850(f)(3).

Insofar as the Appellant argued that counsel failed to present expert testimony regarding her mental health as mitigating evidence, the record reflects that counsel did present

such testimony. Therefore, this aspect of ground four is conclusively refuted by the record.

In the Appellant's fifth ground, she argued that her attorney was ineffective for failing to make an adequate motion for judgment of acquittal. She alleged that her attorney should have argued that the state did not prove all the elements of robbery, as she did not take any property, use force in the course of a taking, or have the intent to deprive the victim of any property.

"In moving for a judgment of acquittal, a defendant 'admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence.'" *Beasely v. State*, 774 So. 2d 649, 657 (Fla. 2000) (quoting *Lynch v. State*, 293 So. 2d 44, 45 (Fla. 1974)). "A motion for judgment of acquittal should only be granted if there is no view of the evidence from which a jury could make a finding contrary to that of the moving party." *Jeffries v. State*, 797 So. 2d 573, 580 (Fla. 2001) (citing *Lynch,* 293 So. 2d at 45).

Here, any motion for judgment of acquittal arguing that the state did not prove the elements of robbery would have been denied. When viewed in the light most favorable to the state, the evidence introduced at trial shows that the Appellant and a companion stole items from CVS. When two clerks confronted them about the theft, the Appellant injured them both with a boxcutter to aid in her and her companion's escape. Under these circumstances, this ground was properly denied.

AFFIRMED.

B.L. THOMAS, C.J., and BILBREY, J., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

6

Erna McFadden, pro se, Appellant.

Ashley Moody, Attorney General, and Bryan Jordan, Senior Assistant Attorney General, Tallahassee, for Appellee.